IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROBERT DALE TURNBO, | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | Civil Action No. 5:21-cv-00089 |
| DALE BRIAN GIBSON, NINE LINE OILFIELD SERVICES, LLC, and OLSON TRANSPORTATION INC., | § § § § § | |
| *Defendants.* | § § | |

### INDEX OF STATE COURT DOCUMENTS

| Filing | | Date Filed |
|---|---|---|
| A | Plaintiffs' Original Petition | 3/9/21 |
| B | Executed Return of Service on Dale Brian Gibson | 3/31/21 |
| C | Executed Return of Service on Olson Transportation Inc. | 4/8/21 |
| D | Docket Sheet | N/A |

Filed: 3/9/2021 4:10 PM
Accepted: 3/9/2021 4:27 PM
Adreana Gonzalez
District Clerk
Dawson County, Texas
Teresa Uresti

NO. **21-03-20737**  _____

| | | |
|---|---|---|
| **ROBERT DALE TURNBO** § | | **IN THE DISTRICT COURT** |
| **Plaintiff** § | | |
| § | | |
| **V.** § | | **106TH JUDICIAL DISTRICT** |
| § | | |
| **DALE BRIAN GIBSON, NINE** § | | |
| **LINE OILFIELD SERVICES, LLC** and § | | |
| **OLSON TRANSPORTATION INC** § | | |
| **Defendants.** § | | **DAWSON COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, ROBERT DALE TURNBO**, Plaintiff in the above-captioned cause, and files this, his Original Petition and Jury Demand complaining of **DALE BRIAN GIBSON, NINE LINE OILFIELD SERVICES, LLC** and **OLSON TRANSPORTATION INC**, Defendants. In support thereof, Plaintiff would respectfully show this Court as follows:

### DISCOVERY CONTROL PLAN & PRELIMINARY STATEMENT

1.1     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3 as outlined in Rule 190.4 of the Texas Rules of Civil Procedure.

1.2     This is a case for damages arising from a motor vehicle collision which occurred on or about March 12, 2019 in Dawson County, Texas, resulting in very serious injuries to the Plaintiff.

### PARTIES, JURISDICTION AND VENUE

2.1     Plaintiff **ROBERT DALE TURNBO** ("Plaintiff) is a resident of Scurry County,

Page 1

**EXHIBIT A**

and lives at 125 20th PL, Snyder, Scurry County, Texas 79549. The last three digits of his driver's license number are 900.

2.2     Defendant **DALE BRIAN GIBSON** ("Defendant") is an individual residing at 505 N. Lake Ave, Miles City, MT 59301, where service may be had upon Defendant, or at any location which Defendant **DALE BRIAN GIBSON** may be found.

2.3     Defendant **NINE LINE OILFIELD SERVICES, LLC** is a foreign Limited Liability Company incorporated in the state of Montana with its principal place of business at 309 Commercial St., Birney, Montana 59012. **NINE LINE OILFIELD SERVICES, LLC** may be served through its registered agent as follows:

>    Logan Sean Olson
>    309 Commercial St., Birney, Montana 59012

2.4     Defendant **OLSON TRANSPORTATION INC**. is a foreign corporation with its principal place of business at 5950 Tongue River Road, Ashland, Montana 59003. **OLSON TRANSPORTATION INC**. may be served through its registered agent as follows:

>    Jamie L. Olson
>    5950 Tongue River Road, Ashland, Montana 59003

2.7     Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of any party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of the parties named herein.

2.8     This Court enjoys jurisdiction of this matter, as the amount in controversy is within the monetary limits of jurisdiction of the District Courts of the State of Texas. Venue is proper in Dawson County under § 15.002(a)(1) of the TEX. CIV. PRAC. & REM. CODE, because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

2.9     In satisfaction of TEX. R. CIV. P. 47, Plaintiff affirmatively states that this case seeks monetary relief over $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by the wisdom of the jury. This case is exempt from the expedited actions process of TEX. R. CIV. P. 169. Discovery in this case should be conducted under Rule 190.4, TEX. CIV. P., by issuance of a level III discovery control plan.

## RESPONDEAT SUPERIOR

3.1     On information and belief of the Plaintiff, Defendant **DALE BRIAN GIBSON** was an employee of Defendants **NINE LINE OILFIELD SERVICES, LLC,** and/or **OLSON TRANSPORTATION INC**. and was acting in the course and scope of his employment at the time of the collision. Therefore, Defendants **NINE LINE OILFIELD SERVICES, LLC** and/or **OLSON TRANSPORTATION INC.** are vicariously liable for the negligence of Defendant **DALE BRIAN GIBSON**, and all damages occasioned by that negligence, under the principal of respondeat superior.

## FACTS

4.1     On March 12, 2019, Plaintiff **ROBERT DALE TURNBO** was the operator of a 2017 Chevrolet Silverado C2500 Pickup, traveling westbound on US 180 in Dawson County,

Texas. Defendant, **DALE BRIAN GIBSON**, was southbound on FM 178. **DALE BRIAN GIBSON** was driving a vehicle owned by **NINE LINE OILFIELD SERVICES, LLC** and towing a 2018 trailer owned and/or leased by **OLSEN TRANSPORTATION, INC**. US 180 is the main thoroughfare and FM 178 is an intersecting road which is controlled by a stop sign at the intersection. Defendant, **DALE BRIAN GIBSON**, pulled out in front of Plaintiff resulting in the collision and resulting injuries and damages sustained by Plaintiff.

    4.3    **ROBERT DALE TURNBO** was wearing his seatbelt at the time of the collision. **ROBERT DALE TURNBO** sustained substantial and permanent injuries and damages as a proximate result of the collision.

    4.4    As a direct and proximate result of the collision made the basis of this suit, Plaintiff suffered a traumatic brain injury with a loss of consciousness at the scene of the accident. In addition, Plaintiff suffered severe and disabling injuries, abdominal distention, acute respiratory failure, closed fracture of the right distal femur, closed fracture of the L2 and L3 transverse process, pelvic fracture, pleural effusion, subarachnoid hemorrhage, intraparenchymal hemorrhage, sinus arrest, splenic laceration, ulnar fracture, superior sternum fracture and fracture of the 2nd through 8th ribs on the right and the 3rd through 7th ribs on the left. Plaintiff had multiple medical procedures, and, in all probability, the residual effects of these injuries will be permanent and life-changing. These injuries have caused Plaintiff a great amount of physical pain and impairment, lost wages, and other damages as further set forth below.

## CAUSES OF ACTION

*Negligence*

5.1 The negligence of Defendant **DALE BRIAN GIBSON** was a proximate cause of the collision in question and Plaintiff's injuries. **DALE BRIAN GIBSON** was generally negligent, including, but not limited to, one or more of the following particulars:

    a. In failing to use reasonable care to operate his vehicle;

    b. In failing to maintain a proper lookout while operating his vehicle;

    c. In failing to control his speed to avoid a collision;

    d. In failing to timely apply his brakes to avoid the collision;

    e. In failing to stop and yield at the right of way to Plaintiff's vehicle;

    f. In failing to turn his vehicle to the left or the right to avoid a collision; and

    g. In failing to properly apply his brakes and reduce his speed to avoid a collision.

5.2 Such negligence was a proximate cause of the incident in question, and the injuries and damages complained of by the Plaintiff herein.

*Negligence per se*

5.3 The actions of Defendant **DALE BRIAN GIBSON**, in causing the collision in question and in failing to stop at an official traffic-control device, a stop sign, and grant immediate use of the intersection to traffic that had the right of way constituted negligence per se.

    5.4    Texas Transportation Code § 545.151, states, in relevant part, as follows:
     (a)    An operator approaching an intersection:
        (1)    shall stop, yield, and grant immediate use of the intersection:
           (A)    in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; or
           (B)    if a traffic-control signal is present but does not display an indication in any of the signal heads; and
        (2)    after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

The violation of this statute by Defendant, **DALE BRIAN GIBSON**, was unexcused, and the statute in question is designed to protect motorists traveling the roadways of the state of Texas, including the class of which Plaintiff was a member. Further, by virtue of the fact that a collision occurred, and Defendant, **DALE BRIAN GIBSON**, held a legal duty to stop at said stop sign, Defendant **DALE BRIAN GIBSON** is presumed to have failed to stop at said stop sign. The violation of this statute by Defendant **DALE BRIAN GIBSON** was a proximate cause of the collision in question and the Plaintiffs injuries.

## DAMAGES FOR PERSONAL INJURY

    6.1    As a direct and proximate result of the negligence complained above herein, Plaintiff sustained personal injuries and damages including past medical expenses. As provided by Texas law, Plaintiff is entitled to recover the following damages:

    a.    Physical pain and mental anguish sustained in the past and which, in all likelihood, will occur in the future;

    b.    Physical impairment sustained in the past and which, in all likelihood, will occur in the future;

 c. Reasonable and necessary expenses for medical care in the past;

 d. Reasonable and necessary expenses for medical care which will be required in the future;

 e. Loss of enjoyment of life in the past, and which, in all likelihood, will continue into the future; and

 f. Lost wages in the past and future.

## LOST WAGES

7.1 As a direct and proximate result of the negligence complained above herein, Plaintiff sustained lost wages and has sustained a diminished earning capacity. As a result of the injuries sustained, Plaintiff has suffered impairment and has been required to reduce his work duties since the accident. It is reasonably probable that Plaintiffs physical impairment resulting from the foregoing injuries is of a lasting nature and that his earning capacity will be diminished for the balance of his life.

## JURY REQUEST

Plaintiff hereby requests a trial by jury on all issues so triable, and tenders the required fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendants be cited to appear and answer and that upon final trial Plaintiff recover against Defendant:

 1. Compensatory damages as set forth above;

 2. Pre-judgment and post-judgment interest as allowed by law;

 3. Costs of court; and

4. Such other, further and different relief to which Plaintiff may show himself justly entitled.

>Respectfully submitted,
>
>MAXWELL & FAHY
>Attorneys at Law
>202 East Broadway
>Sweetwater, Texas 79556
>Tel: (325) 236-6691
>Fax: (325) 235-8750
>
>By: */s/ Kenneth L. Maxwell, Jr.*
>Kenneth L. Maxwell, Jr.
>State Bar No. 13251300
>Attorney for Plaintiff

Filed: 3/31/2021 5:27 PM
Accepted: 4/1/2021 8:29 AM
Adreana Gonzalez
District Clerk
Dawson County, Texas
Kendrick Conde

Citation - General Personal Service - In State - Either Court

| | |
|---|---|
| **CLERK OF THE COURT**<br>ADREANA GONZALEZ, DISTRICT CLERK<br>P O BOX 1268<br>LAMESA, TX 79331 | **ATTORNEY FOR PLAINTIFF**<br>ROBERT DALE TURNBO<br><br>KENNETH L MAXWELL<br>MOORE, DICKSON & MAXWELL, PLLC<br>R. A. RAGLAND BUILDING - 115 EAST THIRD STREET<br>SWEETWATER, TEXAS 80557<br>FAX: (325)235-8750 |

## CITATION

**THE STATE OF TEXAS NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at **TEXASLAWHELP.ORG**."

**GREETINGS:    To    DALE BRIAN GIBSON, Defendant, or at any location which defendant may be found.**
**505 N. LAKE AVE**
**MILES CITY, MT 59301**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 106TH DISTRICT COURT of Dawson County, Texas at the Courthouse of said county in Lamesa, Texas.

Said Plaintiff's Petition was filed in said Court on MARCH 9, 2021, in this cause numbered **21-03-20737** on the docket of said Court and styled,

**ROBERT DALE TURNBO**
**VS.**
**DALE BRIAN GIBSON**
**NINE LINE OILFIELD SERVICES, LLC**
**OLSON TRANSPORTATION INC**

The nature of the Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lamesa, Dawson County, Texas, on 9th day of March, 2021.

Adreana Gonzalez, District Clerk
106TH DISTRICT COURT
Dawson County, Texas
By /s/ Teresa Uresti
TERESA URESTI, DEPUTY

**EXHIBIT B**

Citation — General Personal Service — In State — Either Court

## OFFICER'S RETURN

Came to hand on 3-15-21 at 6:00 o'clock A. M.

** Executed at 3-15-21, within the County of Custer, at 1432 o'clock P .M. on 3-15-21 by delivering to the within named DALE BRIAN GIBSON, _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

( ) Not executed. The diligence used in finding respondent being _____

( ) Information received as to the whereabouts of respondent being _____

Sheriff's fees for serving citation: _____

Pat Roos _____, Sheriff

Custer _____ County, MT.

By: Tate W. Al_____ Deputy

*Custer County Sheriff's Office*

DISTRICT COURT

Return # 3261
Process # C202100108
Docket # 21-03-20737
Reference #

STATE OF TEXAS }
COUNTY OF CUSTER }
}
}
ROBERT DALE TURNBO }
    Plaintiff, }         SHERIFF'S RETURN OF PERSONAL SERVICE
    - vs - }
}
    Defendant }

I hereby certify that on the **15th day of March, 2021**, **a Misc. Paper**, in the above entitled action, came into my hand for service. That on the **15th day of March, 2021** at **2:33 PM**, in said county, **I did serve the documents on DALE B GIBSON**.
By then and there delivering to and leaving with: **GIBSON, DALE B at 1010 MAIN ST, MILES CITY, MT 59301**

**Comments**

Date Returned 3/15/21

Signed _____   Date 3-15-21
PATRICK ROOS
Custer County Sheriff
By: Civil Enforcement Tate Strub
1010 Main St
Miles City, MT 59301
Phone: (406) 874-3320

Filed: 4/8/2021 3:40 PM
Accepted: 4/8/2021 3:43 PM
Adreana Gonzalez
District Clerk
Dawson County, Texas
Kendrick Conde

Citation - General Personal Service - In State - Either Court

**CLERK OF THE COURT**
ADREANA GONZALEZ, DISTRICT CLERK
P O BOX 1268
LAMESA, TX 79331

**ATTORNEY FOR PLAINTIFF**
ROBERT DALE TURNBO

KENNETH L. MAXWELL
MOORE, DICKSON & MAXWELL, PLLC
R. A. RAGLAND BUILDING - 115 EAST THIRD STREET
SWEETWATER, TEXAS 80557
FAX: (325)235-8750

# CITATION

THE STATE OF TEXAS NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at **TEXASLAWHELP.ORG**."

GREETINGS:   To   OLSON TRANSPORTATION INC, Defendant may be served through
its registered agent,
**JAMIE L. OLSON**
**5950 TONGUE RIVER ROAD**
**ASHLAND, MT 59003**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 106TH DISTRICT COURT of Dawson County, Texas at the Courthouse of said county in Lamesa, Texas.

Said Plaintiff's Petition was filed in said Court on MARCH 9,2021, in this cause numbered **21-03-20737** on the docket of said Court and styled,

**ROBERT DALE TURNBO**
**VS.**
**DALE BRIAN GIBSON**
**NINE LINE OILFIELD SERVICES, LLC**
**OLSON TRANSPORTATION INC**

The nature of the Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lamesa, Dawson County, Texas, on 10th day of March, 2021.

Adreana Gonzalez, District Clerk
106TH DISTRICT COURT
Dawson County, Texas
By _Teresa Uresti_
TERESA URESTI, DEPUTY

**EXHIBIT C**

## OFFICER'S RETURN

Came to hand on _____, at _____ o'clock _____ . M.

** Executed at _____, within the County of _____, at _____ o'clock _____ . M. on _____ by delivering to the within named OLSON TRANSPORTATION INC, _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

(   ) Not executed. The diligence used in finding respondent being _____
_____.

(   ) Information received as to the whereabouts of respondent being _____
_____.

Sheriff's fees for serving citation: _____

_____, Sheriff

_____ County, Texas

By: _____, Deputy

## STARK COUNTY SHERIFF'S OFFICE
66 WEST MUSEUM DRIVE | PO BOX 130 | DICKINSON, NORTH DAKOTA 58601-0130
TELEPHONE 701.456.7610 | FACSIMILE 701.456.7692
SHERIFF COREY LEE

SOUTHWEST JUDICIAL DISTRICT

Return # 22705
Process # C202100612
Docket #
Reference #

STATE OF NORTH DAKOTA }
COUNTY OF STARK }
}
}
ROBERT DALE TURNBO }
Plaintiff, }   STARK COUNTY SHERIFF'S OFFICE RETURN OF
}   SERVICE
- vs - }
DALE BRIAN GIBSON; NINE LINE OILFIELD }
SERVICES LLC; OLSON TRANSPORTATION
Defendants }

I hereby certify that on the **26th day of March, 2021**, a Citation; Plaintiff's Original Petition and Jury Demand, in the above entitled action, came into my hand for service. That on the **29th day of March, 2021** at **9:28 AM**, in said county, **I did serve the documents on JAMIE OLSON**.
By then and there delivering to and leaving with: **OLSON, JAMIE** at **2456 3RD AVE W, DICKINSON, ND 58601**

Please make checks payable to: STARK COUNTY SHERIFF'S OFFICE

**Comments**

**Date Returned 3/29/21**

**Signed** _____  **Date** 3/29/21
Corey Lee
Stark County Sheriff
By: Deputy Niel Badilles
66 MUSEUM DRIVE WEST
DICKINSON, ND 58601
Phone:

Page 1

# Case Information

## ROBERT DALE TURNBO VS. DALE BRIAN GIBSON NINE LINE OILFIELD SERVICES, LLC
21-03-20737

 Refresh          File Into

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Dawson County - District Clerk | Civil - Injury or Damage | Motor Vehicle Accident | 3/9/2021 |

## Parties [4]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | TURNBO, ROBERT DALE ▼ | KENNETH L MAXWELL ▼ |
| Defendant | NINE LINE OILFIELD SERVICES, LLC ▼ | |
| Defendant | OLSON TRANSPORTATION INC ▼ | |
| Defendant | GIBSON, DALE BRIAN ▼ | |

## Events [3]

Oldest | Search events | 🔍 | ❓          ➕ All   ➖ All

### Petition
**File Date** 3/9/2021

Plaintiff's Original Petition and Jury Demand

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Original Petition MVA.pdf | Original Petition MVA.pdf | Does not contain sensitive data | 8 | $0.80 | Available until 4/30/21 |

### No Fee Documents
**File Date** 3/31/2021

Citation Served on Dale Gibson

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Citation and Petition Dale GIbson served.pdf | Citation and Petition Dale GIbson served.pdf | Does not contain sensitive data | 3 | $0.30 | 🛒 Add |

### No Fee Documents
**File Date** 4/8/2021

Citation Served on Jamie Olson

| Name | Description | Security Description | Pages | Price | |
|---|---|---|---|---|---|
| Citation and Petition Jamie Olson served.pdf | Citation and Petition Jamie Olson served.pdf | Does not contain sensitive data | 3 | $0.30 | 🛒 Add |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.3.0.3162

 EMPOWERED BY TYLER TECHNOLOGIES

Help

**EXHIBIT D**